IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER HARRIS,<br>472 Ridge St NW, Apt 2<br>Washington, DC 20001<br><br>          Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br>     Serve: CSC- Lawyers Incorporating Service<br>     Company<br>     7 St. Paul Street, Suite 820<br>     Baltimore, MD 21202<br>and<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>     Serve:  CT Corporation System<br>               1015 15th St, NW, Suite 1000<br>               Washington, D.C. 20005<br>and<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>     Serve:  Corporation Service Company<br>               1090 Vermont Ave, NW<br>               Washington, D.C. 20005<br>and<br><br>CITIBANK, N.A.,<br>     Serve:  CT Corporation System<br>               4400 Easton Commons Way<br>               Suite 125<br>               Columbus, OH 43219<br><br>          Defendants. | Civil Action No. 1:21-cv-361 |

## COMPLAINT

COMES NOW Plaintiff, Alexander Harris ("Plaintiff"), by counsel, and files this Complaint against Defendants, Trans Union, LLC ("Trans Union"); Experian Information

Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax"); and CitiBank, N.A., ("Citibank") (collectively "Defendants"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2.  The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i

3.  In this case, Citibank, inaccurately associated a business credit card account, Plaintiff's previous employer applied for, to Plaintiff. Citibank erroneously furnished inaccurate, derogatory information about Plaintiff's liability of the account to Trans Union, Equifax and Experian.

4.  After Plaintiff disputed the inaccurate information directly with Citibank and with Equifax, Experian and Trans Union, they failed to correct Plaintiff's credit reports. Accordingly, Plaintiff alleges claims against Equifax, Experian and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5. Plaintiff also alleges claims against Citibank for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 168lp, and 15 U.S.C. § 1692k(d).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

8. Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

9. Trans Union is a foreign limited liability company doing business in the District of Columbia. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Equifax is a foreign limited liability company authorized to do business in the District of Columbia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Experian is a foreign corporation authorized to do business in the District of Columbia. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Citibank is a foreign corporation. It is a furnisher governed by the FCRA.

## FACTS

### *Citibank Associates a Business Account to Plaintiff*

13. On or around January 2019, Plaintiff's previous employer issued him a Citibank credit card, account no. 448612** ("the Business Account"), to use on business trips. Plaintiff used

the credit card on one business trip and changed employers shortly after. Plaintiff's employer indicated it would handle all expenses on the Business Account.

14. The Business Account was not opened using Plaintiff's social security number, date of birth, address or any other personal identifying information.

15. Plaintiff did not sign any agreement to open the Business Account.

16. However, Citibank reported the Business Account as belonging to Plaintiff to Equifax, Experian and Trans Union and sent correspondence indicating that he personally owed the outstanding balance.

17. Any outstanding balance did not belong to Plaintiff as this was a business credit card that belonged to his previous employer.

18. Plaintiff immediately called to dispute ownership of this account to Citibank. Citibank confirmed that it sent the credit card and all documents, including monthly statements to his previous employer's address. The Business Account was also associated with an email address linked to his previous employer.

*Inaccurate Credit Reporting*

19. In July 2020, Plaintiff reviewed his credit reports and noticed that Citibank was reporting the Business Account within his credit file.

20. This information was incorrect because Plaintiff's previous employer applied for and was responsible for this account, not him.

21. Additionally, Defendants reported the Business Account with a charge off status for numerous months damaging Plaintiff's credit score.

22. Plaintiff sent written disputes letters to Equifax, Experian and Trans Union explaining that 1) he did not owe the debt, 2) he did not apply for this business credit card; 3) he

requested that the credit bureaus review the credit card application to confirm his statements; and 4) he asked that the account be deleted from his personal credit file.

23. In his letter, Plaintiff included the Citibank account number for the Business Account as it reported in his credit reports since he has a separate account with Citibank that he was not disputing.

24. In response to Plaintiff's disputes, Trans Union and Experian failed to conduct a proper investigation and continued to report the derogatory Citibank account.

25. Trans Union provided its investigation results to Plaintiff and affirmed that its investigation "verified" the Business Account as accurate. Trans Union was aware that the dispute account was a business credit card as it identified the account name as "CITIBANK BUSINESS CRD MC".

26. Experian made no material changes to its reporting. Experian continued to report the Business Account within Plaintiff's credit file as a charge off.

27. Equifax failed to provide its investigation results to Plaintiff.

28. On or around August 25, 2020, Citibank sent correspondence regarding a recent inquiry into credit reporting. Citibank's letter stated that it validated a personal account ending in 9428, not the account Plaintiff disputed.

29. Plaintiff immediately replied to Citibank's letter. Plaintiff clarified that he did not dispute his ownership of the account ending in 9428, but Business Account opened by his employer and provided the account number for that account.

30. Citibank never responded to Plaintiff's direct dispute letter.

31. On or around September 1, 2020 Plaintiff issued follow-up dispute letters to Trans Union and Experian indicating that Citibank was still inaccurately reporting that the Business

Account belonged to him. With this follow-up dispute, Plaintiff provided two examples of his signature to compare with the signature on the credit card application and signed his dispute letters in front of notary.

32. Citibank, Experian, and Trans Union again failed to conduct a proper investigation in response to Plaintiff's dispute.

33. Experian and Trans Union verified that the Business Account belonged to Plaintiff.

34. As of October 2020, Plaintiff still had not received a response from Equifax so he sent a follow-up dispute. In his letter, he detailed that the Business Account did not belong to him and that it belongs to his previous employer. Plaintiff provided two examples of his signature to compare the signature on the credit card application and signed his dispute letter in front of notary.

35. Once again, Equifax failed to provide Plaintiff with its investigation results.

36. Plaintiff sent a two additional letters to Equifax in December 2020 and January 2021 disputing its reporting of the Business Account.

37. Upon information and belief, Equifax continues to inaccurately report the Business Account.

38. As a result of the Defendants' conduct, Plaintiff suffered actual damages including, without limitation, denial of credit opportunities, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

### *Defendants' FCRA Violations Were Willful*

39. As a standard practice, Equifax, Experian and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]'

imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

40. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian and Trans Union automatically generated their "investigation" results once Citibank provided its response to Plaintiff's disputes, verifying the status of the account, and they did not take any additional actions to verify the accuracy of the information that Citibank provided.

41. Instead, Equifax, Trans Union and Experian blindly accepted Citibank's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

42. Equifax, Experian and Trans Union continue the practice of parroting the response from the furnisher despite numerous lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation as required by the FCRA.

43. Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

44. Therefore, at all times relevant to this Complaint, Equifax, Experian and Trans Union's, conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk

of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

45. In addition, at all times pertinent to this Complaint, Citibank's processing of consumer disputes was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, Citibank's conduct was willful because it was intentionally accomplished through intended procedures and as Citibank's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EQUIFAX, EXPERIAN AND TRANS UNION)

46. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

48. Because of Equifax, Experian and Trans Union's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

49. Equifax, Experian and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EQUIFAX, EXPERIAN AND TRANS UNION)

50. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

51. Equifax, Experian and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Citibank with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the Business Account from Plaintiff's credit file upon a lawful reinvestigation of § 1681i(a)(5)(A).

52. Because of Equifax, Experian and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

53. Equifax, Experian and Trans Union's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT THREE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(6)
## (EQUIFAX)

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

55. Equifax violated 15 U.S.C § 1681i(a)(6) by its conduct which includes, but is not limited to, failing to provide Plaintiff with the results of its reinvestigation after it received his dispute letters.

56. As a result this conduct, Plaintiff suffered actual damages.

57. Equifax's conduct actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT FOUR:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)
## (CITIBANK)

58. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

59. On one or more occasion within the past two years, by example only and without limitation, Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

60. When Plaintiff disputed his account with the credit bureaus, Citibank used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as Citibank. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

61. When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

62. Upon information and belief, the ACDV form is the method by which Citibank has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

63. Upon information and belief, Plaintiff alleges that the credit bureaus forwarded Plaintiff's dispute via an ACDV to Citibank.

64. Citibank understood the nature of Plaintiff's disputes when it received the ACDV form.

65. Upon information and belief, when Citibank received the ACDV form containing Plaintiff's disputes, Citibank followed a standard and systemically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

66. Upon information and belief, when Citibank receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether the information already in its computer system is itself accurate.

67. Because of Citibank's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

68. Citibank's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Citibank was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Citibank in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FIVE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(CITIBANK)**

70. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

71. On one or more occasions within the past two years, by example only and without limitation, Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

72. As Plaintiff detailed in the previous Count, Citibank has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

73. Citibank was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

74. Citibank does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

75. Citibank understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

76. Because of Citibank's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

77. Citibank's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Citibank was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

79. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Citibank in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT SIX:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
## (CITIBANK)

80. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

81. On one or more occasion within the past two years, by example and without limitation, Citibank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit file without also including a notation that the account was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

82. Specifically, Citibank failed to add the "XB" or "XC" code to the CCC (Compliance Condition Code) field of at least one of the ACDV dispute forms when it responded to the credit reporting agencies, which would have indicated that the account was disputed.

83. Furthermore, Citibank knew that Plaintiff disputed the subject account through his direct and written disputes letters to the credit reporting agencies.

84. Plaintiff's disputes were bona fide as the account reported inaccurate derogatory information.

85. As a result of Citibank's violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, credit denial, damage to reputation, embarrassment, humiliation, and other emotional distress.

86. Citibank's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citibank was negligent, entitling Plaintiff to recover against it under 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Citibank in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ALEXANDER HARRIS**

By: */s/ Casey S. Nash*
Kristi Cahoon Kelly, DC No. 974872
Casey S. Nash, DC No. 1028868
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiff*